IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CHAD WILLIAM McGUIRE,
JEREMY RYAN McGUIRE,
and MICHAEL THOMAS McGUIRE,

      Plaintiffs,

v.                                           CIVIL ACTION NO. 15-C-501

EA MORGANTOWN, LLC, a
Florida limited liability company,
doing business as THE DISTRICT
APARTMENTS, CEV MORGANTOWN
GP LLC, a Delaware limited liability
company, CEV MORGANTOWN LP,
a Delaware limited partnership,
MORGANTOWN OPERATING, LLC,
a Florida limited liability company,
and UNKNOWN DEFENDANTS,

      Defendants.

## COMPLAINT

For their complaint against the above-named defendants, Plaintiffs state as follows:

### PARTIES

1.    Plaintiffs, Chad William McGuire, Jeremy Ryan McGuire, and Michael Thomas McGuire, are residents of Monongalia County, West Virginia.

2.    Defendant, EA Morgantown, LLC, doing business as The District Apartments, is a Florida limited liability company, with its principal office or place of business at 1000 District Drive, Morgantown, Monongalia County, West Virginia, and at all times relevant herein, EA Morgantown, LLC owned an apartment complex in Monongalia County, West Virginia. Said

FILED
AUG 14 2015
JEAN FRIEND
CIRCUIT COURT

apartment complex is managed or maintained by the Defendants, or either of them, and other unknown defendants.

3. Defendant, CEV Morgantown GP LLC is a West Virginia limited liability company, doing business in Monongalia County, West Virginia, with its principal office address at 520 Eighth Avenue 20th Fl, New York, New York 10018.

4. Defendant, CEV Morgantown LP is a Delaware limited partnership with its principal office address at 520 Eighth Avenue, 20th Fl, New York, New York 10018.

5. Defendant, Morgantown Operating, LLC, is a Florida limited liability company, with its principal office address at 1555 Palm Beach Lakes Blvd., Suite 1100, West Palm Beach, Florida 33401.

## FACTS

6. On or about August 20, 2013 plaintiffs entered into a lease with the defendants for an apartment known as Unit 2623, at The District Apartments, at 1000 District Drive, Morgantown, Monongalia County, West Virginia.

7. The plaintiffs began to experience adverse health issues after moving into said unit and it was later determined that said unit contained dangerous levels of molds within said unit.

8. As a direct and proximate result of the negligence, willful, wanton and reckless conduct of the defendants said mold caused physical damages to the plaintiffs herein.

9. Plaintiffs notified the defendants but the defendants accepted no responsibility or took steps to remediate said mold issues.

10. In the days that followed, Plaintiffs' unit then became infected with dangerous levels of mold proximately causing injury to the Plaintiffs.

11. As a result of the aforesaid mold, each of the aforesaid Plaintiffs was forced to move from their apartment unit.

12. As a further direct and proximate result of the mold exposure the plaintiffs were each forced to incur additional living expenses.

13. As a further direct and proximate result of the mold, portions of Plaintiffs' personal property were damaged and needed to be removed and replaced.

14. As a result of exposure to the ensuing mold, Plaintiffs suffered from medical issues, incurred medical treatment and expenses, and sustained other personal injuries that are both temporary and permanent in nature.

## COUNT I

## NEGLIGENCE COUNT

15. Plaintiffs repeat and incorporate herein by reference the general allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16. At all relevant times herein, defendants had a duty to provide the plaintiffs with a safe and habitable rental unit free from mold.

17. Defendants breached that duty by negligently hiring and/or supervising its servant, agents or employees to ensure that the rental unit was free from mold.

18. Defendants breached that duty by negligently and carelessly failing to perform routine maintenance and inspections of the unit herein which proximately caused damages to the plaintiffs.

19. That some or all of the injuries and damages sustained by Plaintiffs were a direct and proximate result of the above-described negligent, willful, wanton, and reckless conduct of the defendants and/or were a foreseeable result thereof.

WHEREFORE, Plaintiffs demand judgment against Defendants, or any of them, for the following compensatory damages:

   a. Cost to remove and replace Plaintiffs' personal property;

   b. Medical expenses, past and future;

   c. Pain and suffering, past and future;

   d. Loss of use and additional living expenses, past and future;

   e. Embarrassment and humiliation;

   f. Annoyance and inconvenience;

   g. Costs of medical monitoring due to said mold exposure;

   h. Exemplary or punitive damages.

## COUNT II

### BREACH OF CONTRACT

20. Plaintiffs repeat and incorporate herein by reference the general allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Plaintiffs entered into a contract with Defendants for the rental of a safe and habitable unit.

22. Some or all of the injuries and damages sustained by Plaintiffs were a direct and proximate result of the breach of contract by defendants and/or were foreseeable.

WHEREFORE, Plaintiffs demand judgment against defendants, or any of them, for any and all damages, direct and consequential, which flowed from the aforesaid breach, but not awarded under Count I above.

Plaintiffs demand a trial by jury upon all issues so triable as set forth in this Complaint.

CHAD WILLIAM McGUIRE,
JEREMY RYAN McGUIRE,
and MICHAEL THOMAS McGUIRE,

By Counsel

John Angotti
WV State Bar #5068
David J. Straface
WV State Bar #3634
Angotti & Straface, L.C.
Counsel for Plaintiffs
274 Spruce Street
Morgantown, West Virginia 26505
Telephone (304) 292-4381
Facsimile (304) 292-7775